# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC X. RAMBERT, | ) | |
| | ) | Civil Action No. 17 – 128E |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge Barbara Rothstein |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| MICHAEL OVERMYER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed until such time that Plaintiff pays the full $400.00 filing fee.[1]

### II. REPORT

Plaintiff Eric X. Rambert initiated this action on May 19, 2017 by the filing of a Motion for Leave to Proceed *in forma pauperis*. (ECF No. 1.) At this time, it is recommended that the Motion be dismissed in accordance with 28 U.S.C. 1915(g) because Plaintiff has accumulated

---

[1] On May 1, 2013, the cost of filing a new civil case in federal court increased to $400.00. This increase includes a $50.00 administrative fee in addition to the current $350.00 filing fee. However, the $50.00 administrative fee does not apply to persons granted *in forma pauperis* status under 28 U.S.C. § 1915. If *in forma pauperis* status is denied, the plaintiff will be required to pay $400. Thus, Plaintiff will be required to pay the full $400.00 if he wishes to proceed with this matter.

1

three or more "strikes" and may not proceed *in forma pauperis* absent a showing of imminent danger.

The "three strikes rule"[2] is codified at 28 U.S.C. § 1915(g) and provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In sum, under the three strikes rule, a prisoner who, on three or more prior occasions while incarcerated, has filed an action in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).[3]

The Court takes judicial notice of court records and dockets of the Federal Courts located in Pennsylvania as well as those of the Court of Appeals for the Third Circuit. *See* DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). The computerized dockets of those courts reveal that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g).

The three strikes that Plaintiff has accumulated are the following. The first strike is Rambert v. Barrett, No. 2:95-cv-71-BPM-FXC (W.D. Pa.), which was dismissed as legally

---

[2] *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), *cert. denied*, 533 U.S. 953 (2001).

[3] The Third Circuit Court of Appeals has held that dismissals based on "frivolousness" that occurred prior to the passage of the PLRA are to be included in the amount of strikes under section § 1915(g). *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144-45 (3d Cir. 1997).

2

frivolous on February 21, 1995.  The second strike is Rambert v. Horn, et al., No. 2:97-cv-337-DJL-FXC (W.D. Pa.), which was dismissed for failure to state a claim on December 5, 1997.  The third strike is Rambert v. Lavan, et al., No. 4:03-cv-370-MM-DB (M.D. Pa.), which was dismissed for failure to state a claim on November 6, 2003.  Furthermore, the fact that at least one of these strikes occurred before the enactment of the PLRA is no bar to counting it as a strike. *See* Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 144 (3d Cir. 1997) (joining those circuits in holding that dismissals for frivolousness prior to the passage of the PLRA on April 26, 1996, count as "strikes" under § 1915(g)).

To satisfy the imminent danger exception to the three strikes rule, a plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g).  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)).  In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff.  Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86.

Plaintiff's first claim arises out of an event that occurred on May 2, 2017, when correction officers used OC spray on an inmate located in the cell directly below Plaintiff.  Plaintiff contends that the fumes from the spray flowed through the ventilation system and into his cell.  Plaintiff experienced trouble breathing, asked for medical attention and was later told by a nurse that his symptoms were normal.  Plaintiff claims that this amounted to excessive force and cruel and unusual punishment.  With regard to his second and third claims, Plaintiff alleges that prison officials are tampering with his mail and obstructing his ability to communicate with his family, friends and attorneys.  In his fifth claim, Plaintiff alleges deliberate indifference to

medical needs because he was charged a co-pay for a medical condition that was exempt from co-pays. His sixth claim, he alleges a violation of equal protection, racial profiling and racial oppression because black inmates in the RHU are not getting jobs, which are instead going to white inmates. Finally, he alleges denial of due process in connection with the prison's grievance procedure. Viewing the allegations in the Complaint most generous to Plaintiff, the undersigned finds that there has been no showing of imminent danger.

Because Plaintiff has filed at least three lawsuits which were dismissed as frivolous, malicious, or for failure to state a claim, he is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g).

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be denied in accordance with 28 U.S.C. § 1915(g) and that this action be dismissed until such time that Plaintiff pays the full $400.00 filing fee.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  May 22, 2017

/s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: Eric X. Rambert
　　AM-9223
　　SCI Forest
　　P.O. Box 945
　　Marienville, PA  16239